# Matter of Luis AGUILAR HERNANDEZ, Respondent

*Decided January 31, 2024*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Department of Homeland Security cannot remedy a notice to appear that lacks the date and time of the initial hearing before the Immigration Judge by filing a Form I-261 because this remedy is contrary to the plain text of 8 C.F.R. § 1003.30 and inconsistent with the Supreme Court's decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021).

FOR THE RESPONDENT: Bashir Ghazialam, Esquire, San Diego, California

FOR THE DEPARTMENT OF HOMELAND SECURITY: Courtney Cataudella, Associate Legal Advisor

BEFORE: Board Panel: WETMORE, Chief Appellate Immigration Judge; MULLANE and BAIRD, Appellate Immigration Judges.

WETMORE, Chief Appellate Immigration Judge:

The respondent filed an interlocutory appeal challenging the Immigration Judge's decision denying his motion to terminate these removal proceedings. The respondent argues that the notice to appear issued in his case did not comply with the time and place requirements under section 239(a)(1)(G)(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1229(a)(1)(G)(i) (2018), and that the Department of Homeland Security ("DHS") cannot remedy the defect by the filing of a Form I-261, Additional Charges of Inadmissibility/Deportability. The interlocutory appeal will be sustained, and the record will be remanded to the Immigration Judge.

## I. FACTUAL AND PROCEDURAL HISTORY

On April 10, 2019, DHS personally served the respondent, a native and citizen of Mexico, with a notice to appear.[1] On June 21, 2019, the respondent

---

[1] The record contains copies of two notices to appear. Both notices were served on the respondent. One notice to appear orders the respondent to appear before the Los Angeles Immigration Court, whereas the other notice to appear orders the respondent to appear before the Adelanto Immigration Court. Only the notice to appear before the Adelanto Immigration Court contains a date stamp demonstrating that it was filed with an Immigration Court. That notice to appear, which was admitted into evidence as Exhibit 1,

appeared at the Los Angeles Immigration Court for his initial hearing before the Immigration Judge. Before pleading to the charges in the notice to appear, he moved to terminate the removal proceedings, arguing that the notice to appear was legally defective because it did not contain the date and time of his initial removal hearing before the Immigration Judge. INA § 239(a)(1)(G)(i), 8 U.S.C. § 1229(a)(1)(G)(i). The Immigration Judge denied the respondent's motion to terminate the proceedings.

On October 3, 2022, the respondent renewed his date and time objection and again moved to terminate these removal proceedings, citing the Supreme Court of the United States' decision in *Niz-Chavez v. Garland*, 593 U.S. 155 (2021), and our decision in *Matter of Fernandes*, 28 I&N Dec. 605 (BIA 2022). The respondent maintained that the notice to appear issued in this case was legally defective, that he made a timely objection to the defective notice to appear prior to pleadings, and that these proceedings should be terminated. DHS opposed termination, arguing that the Immigration Judge has the discretion to allow DHS to remedy the defective notice to appear rather than terminating these proceedings. DHS proposed to remedy the defective notice to appear by filing a Form I-261 containing the appropriate date and time and serving the Form I-261 on the respondent. The respondent argued that the filing of the Form I-261 was not an appropriate remedy for the defective notice to appear. On October 20, 2022, the Immigration Judge denied the respondent's motion to terminate without issuing a written or oral decision and allowed DHS to remedy the defective notice to appear with the Form I-261.

On October 24, 2022, DHS filed the Form I-261 with the Immigration Court and served it on the respondent by mail. The Form I-261 purports to "[a]mend the Notice to Appear, dated April 10, 2019" and orders the respondent to appear before the Santa Ana Immigration Court on "March 24, 2023, at 8:30 a.m." It also states that "[t]he initial hearing date was May 13, 2019," at the Adelanto Immigration Court. On November 18, 2022, the respondent filed the instant interlocutory appeal of the Immigration Judge's denial of his motion to terminate. We held oral argument on the respondent's interlocutory appeal.[2] 8 C.F.R. § 1003.1(e)(7) (2020).

---

includes the respondent's pleadings as notated by the Immigration Judge, and it orders the respondent to appear before the Adelanto Immigration Court at a date and time "to be set." DHS filed the notice to appear with the Adelanto Immigration Court on April 15, 2019. On May 2, 2019, venue was changed to the Los Angeles Immigration Court following the respondent's release from DHS custody. On May 9, 2019, the Los Angeles Immigration Court mailed the respondent a notice of hearing informing him that his master calendar hearing was scheduled for June 21, 2019, at 8:00 am.

[2] Appellate Immigration Judge Earle Wilson, who was originally a member of the panel that heard oral argument in this case, has passed away. Appellate Immigration Judge

## II.  DISCUSSION

The issue in this case is whether it is permissible for DHS to use a Form I-261 to amend a defective notice to appear that lacks the date and time for the respondent's initial hearing before the Immigration Judge.[3]  We review this issue de novo.  8 C.F.R. § 1003.1(d)(3)(ii).

### A.  Legal Background

The backdrop for this issue is provided by two decisions of the Supreme Court:  *Pereira v. Sessions*, 138 S. Ct. 2015 (2018), and *Niz-Chavez*.  In *Pereira,* 138 S. Ct. at 2114, the Court concluded that the so-called "stop-time" rule in section 240A(d)(1) of the INA, 8 U.S.C. § 1229b(d)(1) (2018), is not triggered by a notice to appear that omits the time and place of the removal proceedings.  Thereafter, in *Niz-Chavez*, 593 U.S. at 160–62, the Court reasoned that a notice to appear that lacks the time and place of the initial hearing before the Immigration Judge could not be remedied by the Immigration Court's issuance of a notice of hearing that informs the respondent when to appear for the initial hearing, and thus the defective notice to appear does not trigger the "stop-time" rule for purposes of cancellation of removal.  *See* INA § 240A(d)(1), 8 U.S.C. § 1229b(a)(1).

While this case does not involve the operation of the "stop-time" rule for purposes of cancellation of removal, other related claims like this one arise from a defective notice to appear that lacks the date and time of the initial hearing before the Immigration Judge.  In *Matter of Fernandes*, we resolved some, but not all, of the issues surrounding a defective notice to appear.  In that case, the respondent received a notice to appear that lacked the date and time of his initial hearing before the Immigration Judge, and he objected.  We concluded that the time and place requirement in section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is a claim-processing rule and not a jurisdictional requirement.  *Matter of Fernandes*, 28 I&N Dec. at 608.  Because it is a claim-processing rule, a respondent must make a timely objection (or

---

Michael Baird replaced him on the panel and has familiarized himself with the record of proceedings, including a transcript of the oral argument.

[3]  The respondent does not have a final order of removal and so his appeal is interlocutory.  Ordinarily, we do not consider interlocutory appeals, but this interlocutory appeal raises an important legal issue regarding a "recurring problem[] in the handling of cases by Immigration Judges."  *Matter of M-D-*, 24 I&N Dec. 138, 139 (BIA 2007); *see also Matter of Guevara*, 20 I&N Dec. 238, 239–45 (BIA 1990, 1991) (considering a respondent's interlocutory appeal of an Immigration Judge's deportability finding); *Matter of Dobere*, 20 I&N Dec. 188, 188–89 (BIA 1990) (considering DHS' interlocutory appeal of an Immigration Judge's decision to change venue).  No one disputes that this appeal meets our test for considering an interlocutory appeal.

otherwise forfeit the objection) but need not show prejudice. *Id.* at 609, 611–13. Finally, we concluded that when faced with a timely objection, an Immigration Judge should afford DHS an opportunity to remedy the defective notice to appear. *Id*. at 616. In that case, DHS had not tried to remedy the defective notice to appear, so we remanded the record to the Immigration Court to afford DHS that opportunity. *Id.* We left open the question of how DHS may (or may not) remedy a defective notice to appear because that issue was not before us. *Id.* We suggested, however, that "DHS may decide it is best to request dismissal without prejudice and file a new notice to appear," as that would eliminate the issue altogether. *Id*.

## B.  Analysis

The respondent objected to the defective notice to appear lacking the date and time of the initial hearing during his first hearing before the Immigration Judge and prior to the entry of pleadings. The respondent's objection is therefore timely under our decision in *Matter of Fernandes*. *See id.* at 610–11. We must now decide whether DHS' proposed remedy to the defective notice to appear, the filing and service of a Form I-261, is an effective remedy under the INA and its correspondent regulations. We conclude that it is not.

The regulation at 8 C.F.R. § 1003.30 (2024), which authorizes the use of a Form I-261, is the starting point for determining whether DHS may remedy a defective notice to appear that lacks the date and time of the initial hearing before the Immigration Judge by filing a Form I-261. The regulation provides: "At any time during deportation or removal proceedings, additional or substituted charges of deportability and/or factual allegations may be lodged by the Service in writing." 8 C.F.R. § 1003.30. DHS argues that this provision authorizes it to use a Form I-261 to remedy a defective notice to appear by including a specific date and time. Specifically, DHS reasons that because it can use a Form I-261 to effectively amend the notice to appear in other contexts, it can likewise do so in this context.

The plain text of 8 C.F.R. § 1003.30 does not support DHS' argument, because it does not allow amendment of the date and time on the notice to appear by using a Form I-261. *See, e.g.*, *Kisor v. Wilkie,* 139 S. Ct. 2400, 2415 (2019) (requiring agencies to follow the plain language of a regulation); *Sameena Inc. v. U.S. Air Force*, 147 F.3d 1148, 1153 (9th Cir. 1998) ("The Supreme Court has long recognized that a federal agency is obliged to abide by the regulations it promulgates."). The text of 8 C.F.R. § 1003.30 unambiguously states that a Form I-261 can only be used to alter two aspects of the notice to appear: (1) to add or substitute charges; or (2) to add or substitute factual allegations. 8 C.F.R. § 1003.30.

Charges are the legal grounds for removal or deportation.  *See* INA §§ 212, 237, 8 U.S.C. §§ 1182, 1227 (2018).  The date and time of the initial hearing before the Immigration Judge are not charges.  Nor are the date and time of the initial hearing before the Immigration Judge factual allegations.  Factual allegations ordinarily include an identification of the country where the respondent is a citizen, how the respondent came to the United States, and any other pertinent information including criminal convictions.  Moreover, the structure of the notice to appear belies DHS' argument that the date and time of the hearing is a factual allegation.  The factual allegations are contained in the top half of the form, followed by the charges.  The space for identifying the date and time on the notice to appear is at the bottom of the form and prefaced by "YOU ARE ORDERED to appear."

DHS acknowledges the plain language of 8 C.F.R. § 1003.30 but argues that the Board has the authority to interpret the regulation broadly.  It asserts that because the regulation does not expressly prohibit its expansive reading, we can authorize it.  We disagree.  The plain text of the regulation expressly, and solely, authorizes DHS to amend the factual allegations and charges in a notice to appear through the filing of a Form I-261.  8 C.F.R. § 1003.30.

Interpreting 8 C.F.R. § 1003.30 as DHS proposes is also problematic for another reason.  In *Niz-Chavez*, the Supreme Court emphasized the government's obligation to "turn square corners."  *Niz-Chavez,* 593 U.S. at 172.  Just as we expect a respondent to comply with an Immigration Judge's scheduling order or to make an asylum claim on an asylum application (Form I-589), it is only reasonable to expect the government to utilize its official forms in the way the regulations authorizing the use of those forms prescribe.  Permitting DHS to use a Form I-261 to amend the date and time of the defective notice to appear as an administrative convenience would not be faithful to our obligation to "turn square corners," and we decline to do so in this case.  *Id.* at 169, 172 (providing that "pleas of administrative inconvenience and self-serving regulations never 'justify departing from the statute's clear text'" (quoting *Pereira*, 138 S. Ct. at 2118)); *see also Matter of Ponce De Leon*, 21 I&N Dec. 154, 158 (BIA 1996) ("The Board and Immigration Judges . . . only have such authority as is created and delegated by the Attorney General [through the regulations].").

In addition to being foreclosed by the plain text of 8 C.F.R. § 1003.30, DHS' argument is also contrary to the Supreme Court's holding in *Niz-Chavez* that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), requires "'a' single document containing the required information."  *Niz-Chavez*, 593 U.S. at 161.  In *Niz-Chavez*, the Supreme Court expressly rejected the argument that a notice of hearing can cure a defective notice to appear as "notice-by-installment."  *Id.* at 160–61.  Because all the information required by section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), would not be

contained in a "single document," we conclude that DHS' proposed remedy for the defective notice to appear—the filing of the Form I-261 to add the missing date and time of the initial hearing—is not consistent with the Supreme Court's decision in *Niz-Chavez*, 593 U.S. at 161.

DHS also argues that the respondent has already received a remedy for the defect in the notice to appear because he has continued to accrue continuous physical presence in the United States for purposes of cancellation of removal. On this point, however, DHS confuses a remedy with a result. The result of failing to include the date and time of the initial hearing on the notice to appear is that the respondent's accrual of continuous physical presence in the United States for purposes of cancellation of removal is not impacted by the "stop-time" rule in section 240A(d)(1) of the INA, 8 U.S.C. § 1229b(d)(1). *See Niz-Chavez*, 593 U.S. at 161 ("To trigger the stop-time rule, the government must serve 'a' notice containing all the information Congress has specified."). But that result does not mean that DHS does not need to remedy the defect in the notice to appear when an objection is timely raised by the respondent. *See Matter of Fernandes*, 28 I&N Dec. at 608–09 (providing that section 239(a)(1) of the INA, 8 U.S.C. § 1229(a)(1), is a mandatory claim-processing rule and must be enforced where it is timely and properly raised); *see also Eberhart v. United* States, 546 U.S. 12, 19 (2005) (providing that "claim-processing rules . . . [ensure] relief to a party properly raising them").

Indeed, it is a strategic decision by a respondent to raise (or not raise) an objection to a defective notice to appear lacking the date and time of the initial hearing before the Immigration Judge. By electing not to raise the objection, the respondent's notice to appear remains defective and the respondent will continue to accrue continuous physical presence in the United States for the purposes of cancellation of removal.[4] Conversely, if after the respondent raises a timely objection, DHS remedies the defective notice to appear, then the "stop-time" rule prevents the respondent from accruing additional physical presence for purposes of cancellation of removal. *See* INA § 240A(d)(1), 8 U.S.C. § 1229b(d)(1).

## III. CONCLUSION

We will sustain the respondent's interlocutory appeal challenging DHS' use of a Form I-261 to remedy the defective notice to appear issued in this case. DHS cannot remedy a notice to appear that lacks the date and time of the initial hearing before the Immigration Judge by filing a Form I-261

---

[4]   A defective notice to appear will likewise result in the respondent continuing to accrue physical presence for purposes of voluntary departure at the conclusion of proceedings. *See Matter of M-F-O-*, 28 I&N Dec. 408, 416 (BIA 2021).

because this remedy is contrary to the plain text of 8 C.F.R. § 1003.30 and inconsistent with the Supreme Court's decision in *Niz-Chavez*. As that was the only issue before us in this interlocutory appeal, we will remand the record to the Immigration Court for further proceedings consistent with this decision.

**ORDER:** The interlocutory appeal is sustained, and the record is remanded to the Immigration Court for further proceedings.