[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10628

Non-Argument Calendar

_____

NARCIEL LOVIO-HERNANDEZ,
a.k.a. Narciel Lovio Hernandez,
a.k.a. Narciel Loviohernandez,

                                                            Petitioner,

*versus*

U.S. ATTORNEY GENERAL,

                                                            Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

Agency No. A201-215-530

_____

Before WILSON, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Narciel Lovio-Hernandez petitions for review of the final order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of adjustment of status under the Immigration and Nationality Act (INA) § 245, 8 U.S.C. § 1255. As we do not find any of Lovio-Hernandez's arguments meritorious, we deny his petition in part and dismiss his petition in part.

## I.  Jurisdiction

Lovio-Hernandez first argues that the BIA applied the wrong standard on his motion to remand and, under *Kisor v. Wilkie*, 588 U.S. 558 (2019), instead of applying the standard it did, the BIA must remand factual determinations to the IJ. The government replies, first, that this court lacks jurisdiction to review Lovio-Hernandez's motion to remand because the IJ's denial of adjustment of status was a discretionary decision. Second, the government argues that Lovio-Hernandez is not eligible for the exception to the jurisdictional bar because he has not raised a colorable question of law. Finally, the government contends that Lovio-Hernandez's argument that the BIA did not use the correct standard is unexhausted because he did not raise *Kisor* in his motion before the BIA,

and he did not specify what standard the BIA should use when adjudicating his motion.

"We review our subject-matter jurisdiction *de novo*." *Farah v. U.S. Att'y Gen.*, 12 F.4th 1312, 1321 (11th Cir. 2021). In reviewing the agency's decision, we review only the decision of the BIA, unless the BIA expressly adopts the IJ's decision. *Kazemzadeh v. U.S. Att'y Gen.*, 577 F.3d 1341, 1350 (11th Cir. 2009). If the BIA agrees with the IJ's reasoning, we will also review the IJ's decision to that extent. *See id*. Generally, INA § 242 strips us of jurisdiction to review a BIA's discretionary decision underlying discretionary relief, such as change of status. 8 U.S.C. § 1252(a)(2)(B); *Patel v. U.S. Att'y Gen.*, 971 F.3d 1258, 1272 (11th Cir. 2020) (en banc).

"[W]hen direct review of the underlying order is barred by one of the INA's jurisdiction-stripping provisions, we also lack jurisdiction to entertain an attack on that order mounted through a motion to reopen." *Ponce Flores v. U.S. Att'y Gen.*, 64 F.4th 1208, 1223 (11th Cir. 2023) (internal quotation marks omitted). We retain jurisdiction to review non-discretionary legal or constitutional questions underlying that relief. 8 U.S.C. § 1252(a)(2)(D); *Patel*, 971 F.3d at 1272. At the same time, "a party may not dress up a claim with legal or constitutional clothing to invoke our jurisdiction," and we have jurisdiction only over "colorable" constitutional or legal claims. *Patel*, 971 F.3d at 1272.

INA § 242 further provides that a court can review a final order of removal only if the non-citizen "has exhausted all administrative remedies available to the [non-citizen] as of right." 8 U.S.C.

§ 1252(d)(1). "A petitioner has not exhausted a claim unless he has both raised the core issue before the BIA and also set out any discrete arguments he relies on in support of that claim." *Jeune v. U.S. Att'y Gen.*, 810 F.3d 792, 800 (11th Cir. 2016), *overruled in part on other grounds*, *Santos-Zacaria v. Garland*, 598 U.S. 411, 419–23, n.2 (2023) (internal quotation marks and citation omitted). The Supreme Court recently held that 8 U.S.C. § 1252(d)(1)'s exhaustion requirement is "a non-jurisdictional claim-processing rule," and "is subject to waiver and forfeiture." *Santos-Zacaria*, 598 U.S. at 419–23. We since have clarified that this claim-processing rule is "generally applied where . . . it has been asserted by a party." *Kemokai v. U.S. Att'y Gen.*, 83 F.4th 886, 891 (11th Cir. 2023).

As for the BIA's scope of review, it may not engage in factfinding while deciding cases. 8 C.F.R. § 1003.1(d)(3)(iv). "If new evidence is submitted on appeal" and "further factfinding is needed in a particular case, the [BIA] may remand the proceeding to the [IJ]." *Id.* As to the BIA's discretion to grant a motion to reopen, "[a] motion to reopen proceedings shall not be granted unless it appears to the [BIA] that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." *Id.* § 1003.2(c)(1).

A petitioner does not fail to exhaust a claim the BIA committed a legal error when that claim could only have arisen after the BIA rendered its decision. *See Indrawati v. U.S. Att'y Gen.*, 779 F.3d 1284, 1299 (11th Cir. 2015), *overruled in part on other grounds*, *Santos-Zacaria*, 598 U.S. at 419–23, n.2.

Here, as Lovio-Hernandez only challenges the BIA's denial of his motion to remand, he has abandoned any challenge to the other aspects of the BIA's decision. *See Farah*, 12 F.4th at 1324.

This court generally lacks jurisdiction to review the BIA's denial of Lovio-Hernandez's motion to remand because the underlying order is barred by one of the INA's jurisdiction-stripping provisions. *See* 8 U.S.C. § 1252(a)(2)(B). But, to the extent Lovio-Hernandez challenges the legal standard the BIA used in denying his motion to remand, not the BIA's exercise of discretion, this court has jurisdiction to review his claim. *See Patel*, 971 F.3d at 1272.

Because the relevant regulations do not explicitly mandate which standard the BIA should apply, and because the BIA's discussion of the factual evidence was brief, the government's argument that Lovio-Hernandez failed to assert a colorable constitutional or legal claim is unavailing. *See Patel*, 971 F.3d at 1272; 8 U.S.C. § 1252(a)(2)(B). The government's failure to exhaust argument also fails because Lovio-Hernandez's argument that the BIA applied the wrong legal standard in denying his motion to remand only arose once the BIA rendered its decision. *See Indrawati*, 779 F.3d at 1299.

We dismiss Lovio-Hernandez's petition for lack of jurisdiction to the extent that he challenges the BIA's exercise of discretion. But this court has jurisdiction to consider whether the BIA applied the wrong legal standard and whether it failed to give reasoned consideration in denying Lovio-Hernandez's motion to remand. *See Jeune*, 810 F.3d at 799.

## II. Legal Standard

Having assured ourselves of jurisdiction, we now turn to Lovio-Hernandez's merits argument that the BIA applied the wrong standard on his motion to remand. He specifically asserts that treating an appealing party's motion to remand as a motion to reopen is bereft of statutory and regulatory support because there is no textual requirement that a motion to remand be treated under a standard as burdensome as the standard applied to a motion to reopen; thus, Lovio-Hernandez contends that under *Kisor,* the BIA lacks the authority to apply such a standard to motions for remand and must instead remand factual determinations to the IJ.[1]

"An argument that the agency applied the wrong legal standard in making a determination constitutes a legal question" that we review de novo. *Jeune*, 810 F.3d at 799.

Here, the BIA did not apply the wrong legal standard. *See Dos Santos v. U.S. Att'y Gen.*, 982 F.3d 1315, 1322 (11th Cir. 2020); *Zhang v. U.S. Att'y Gen.*, 572 F.3d 1316, 1319 (11th Cir. 2009); *Jiang v.*

---

[1] In *Kisor v. Wilkie*, the Supreme Court clarified that courts should defer to agencies' interpretations of ambiguous regulations only when, "based on indicia like text, structure, history, and purpose," the "regulation really has more than one reasonable meaning," and where the interpretation "is of the sort that Congress would want to receive deference." 588 U.S. 558, 563, 588–90 (2019). The Court listed additional prerequisites: the agency's interpretation must be reasonable and fall within the "zone of ambiguity," the "character and context" of the interpretation must warrant deference, the regulation must implicate the agency's "substantive expertise," and the interpretation must be a "fair and considered judgment." *Id*. at 576–79 (internal quotation marks omitted).

*U.S. Att'y Gen.*, 568 F.3d 1252, 1256-57 (11th Cir. 2009). Although Lovio-Hernandez correctly asserts that 8 C.F.R. § 1003.1(d) does not mandate that the BIA review a motion to remand under the same standard as a motion to reopen, *id.* § 1003.1(d), the regulation that governs a motion to reopen gives the BIA discretionary authority to decide whether to grant such a motion when new evidence is submitted on appeal. *See id.* §§ 1003.1(d)(3)(iv), 1003.2(c)(1).

Given the plain meaning of § 1003.1(d) and its similarity to § 1003.2(c), this court need not consider Lovio-Hernandez's argument about what level of deference to give the BIA's interpretations of the regulation under *Kisor*. *See* 588 U.S. at 563, 576–79, 589–90. Instead, this court's precedent establishes that the BIA correctly determined that Lovio-Hernandez's motion to remand based on new evidence "is treated as a motion to reopen," and that the BIA correctly determined that, under this standard, Lovio-Hernandez had a "heavy burden" to prevail. *Dos Santos*, 982 F.3d at 1322–23 (internal quotation marks omitted).

Thus, Lovio Hernandez's petition is denied to the extent that he challenges the legal standard the BIA applied. The BIA was not required to remand Lovio-Hernandez's case based on the new evidence he submitted and was permitted to apply the standard for a motion to reopen.

## III. Reasoned Consideration

Lovio-Hernandez also contends that the BIA's treatment of the recent birth of his son is "inchoate" because the BIA failed to consider that Cuba does not accept Cuban national deportees due

to the lack of diplomatic relations between the United States and Cuba. Lovio-Hernandez further posits that the BIA failed to give reasoned consideration regarding how the birth of his U.S.-citizen child affects his motion to remand.

"[A]n assertion that the agency failed to give reasoned consideration to an issue is a question of law that we review *de novo.*" *Jeune*, 810 F.3d at 799. A petitioner forfeits an argument that the BIA erred by failing to raise it in his opening brief. *Farah*, 12 F.4th at 1324.

"A motion to remand based on new evidence is treated as a motion to reopen." *Dos Santos*, 982 F.3d at 1322. A petitioner bears a "heavy burden" in showing that reopening is warranted because motions that prolong removal proceedings are generally "disfavored." *See Zhang*, 572 F.3d at 1319. The petitioner must present new evidence that "would likely change the result in the case." *Jiang*, 568 F.3d at 1256–57. The BIA also may deny a motion based on "a determination that despite the [non-citizen's] statutory eligibility for relief, he or she is not entitled to a favorable exercise of discretion." *Chacku v. U.S. Att'y Gen.*, 555 F.3d 1281, 1286 (11th Cir. 2008) (per curiam) (internal quotation marks omitted).

The BIA must give "reasoned consideration" to the issues presented to it, meaning that its order must show that it has "considered the issues raised and announced its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." *Jathursan v. U.S. Att'y Gen.*, 17 F.4th 1365, 1372 (11th Cir. 2021) (internal quotation marks

omitted). The BIA may show "reasoned consideration" by listing the basic facts of the case, referencing the relevant statutory and regulatory provisions, and accepting several grounds on which the IJ denied the petitioner's motion. *Bing Quan Lin v. U.S. Att'y Gen.*, 881 F.3d 860, 874–75 (11th Cir. 2018).

"What is central to a showing of reasoned consideration is that the reasoning of the . . . BIA is logical and can be reviewed for error." *Bing Quan Lin*, 881 F.3d at 874. Some indications that the BIA failed to give "reasoned consideration" to a claim include when it "misstates the contents of the record, fails to adequately explain its rejection of logical conclusions, or provides justifications for its decision which are unreasonable and which do not respond to any arguments in the record." *Jathursan*, 17 F.4th at 1372 (internal quotation marks omitted).

"Our limited review of whether the [BIA] gave reasoned consideration to a petition does not amount to a review for whether sufficient evidence supports the decision of the [BIA]." *Perez-Guerrero v. U.S. Att'y Gen.*, 717 F.3d 1224, 1232 (11th Cir. 2013) (per curiam). When we remand for lack of reasoned consideration, "it is not because we have reviewed the BIA's decision and disagreed with its legal conclusions and factual findings." *Indrawati*, 779 F.3d at 1302. Rather, we only remand when we determine that, given the specific facts and claims before the BIA, the BIA's decision is "so fundamentally incomplete that a review of legal and factual determinations would be quixotic." *Id.*

Here, the BIA gave reasoned consideration to the birth of Lovio-Hernandez's U.S. citizen child. *See Jathursan*, 17 F.4th at 1372; *Bing Quan Lin*, 881 F.3d at 874–75. Although the BIA's discussion regarding the birth of Lovio-Hernandez's U.S. citizen child was brief, Lovio-Hernandez only submitted his child's birth certificate into evidence and made broad assertions about family unity and political unrest.

Based on this evidence and its limited discretionary review, the BIA sufficiently considered that Lovio-Hernandez did not meet his burden of proving how his child would impact the adverse discretionary determination in his case. *See Jeune*, 810 F.3d at 803; *Bing Quan Lin*, 881 F.3d at 874; *Perez-Guerrero*, 717 F.3d at 1232. Regardless of whether he was otherwise statutorily eligible for relief, the BIA had discretion to deny Lovio-Hernandez's motion to remand based on the finding that he was not entitled to a favorable exercise of discretion. *Chacku*, 555 F.3d at 1286. Given the specific facts and claims before the BIA, the BIA's decision is not "so fundamentally incomplete that a review of legal and factual determinations [is] quixotic." *See Indrawati*, 779 F.3d at 1302.

We, therefore, deny Lovio-Hernandez's petition to the extent that he challenges whether the BIA gave reasoned consideration to the new evidence about the birth of his U.S. citizen child.

### IV. Notice to Appear

Relying on *Matter of Aguilar Hernandez*, 28 I&N Dec. 774 (B.I.A. 2024), Lovio-Hernandez argues that his case should be remanded because his notice to appear (NTA) deprived the

immigration court of jurisdiction because it did not include the date of his hearing. Lovio-Hernandez also asserts that because the IJ determined that he entered the United States more than ten years ago, he now possesses the requisite years of continuous physical presence to invoke the "stop-time rule" under 8 U.S.C. § 1229b. Finally, Lovio-Hernandez argues that he has sufficiently exhausted his administrative remedies, because the BIA issued *Aguilar-Hernandez* nine days before it issued his own case.

Nonpermanent residents, like petitioner here, who are subject to removal proceedings and have accrued ten years of continuous physical presence in the United States, may be eligible for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1). Under the so-called "stop-time rule" set forth in § 1229b(d)(1)(A), that period of continuous physical presence is "deemed to end when the [non-citizen] is served a notice to appear under section 1229(a)." *Pereira v. Sessions*, 585 U.S. 198, 201 (2018) (internal quotation marks omitted and alteration adopted).

The Supreme Court has determined that a NTA which does not specify the time or place of the removal proceedings, as required by 8 U.S.C. § 1229(a)(1), is "not a 'notice to appear' that triggers the stop-time rule." *Pereira*, 585 U.S. at 200. To be sufficient, the NTA must be a single document that contains all the statutorily required information. *Niz-Chavez v. Garland*, 593 U.S. 155, 160–70 (2021). As § 1229(a) is not a jurisdictional rule, a deficient NTA does not deprive the immigration court of jurisdiction over removal proceedings. *Perez-Sanchez v. U.S. Att'y Gen.*, 935 F.3d 1148, 1154

(11th Cir. 2019). Here, while Lovio-Hernandez's NTA may have been defective for purposes of the stop-time rule, it does not affect the immigration court's jurisdiction. *See Perez-Sanchez*, 935 F.3d at 1154.

Next, this court need not consider Lovio-Hernandez's argument that he is now eligible for cancellation of removal because of the defective NTA. *See Jeune*, 810 F.3d at 800; *Santos-Zacaria*, 598 U.S. at 419–23; *Kemokai*, 83 F.4th at 891. Because Lovio-Hernandez raises this argument for the first time on appeal, he failed to exhaust his administrative remedies. *See Jeune*, 810 F.3d at 800; *Santos-Zacaria*, 598 U.S. at 419–23; *Kemokai*, 83 F.4th at 891.

Lovio-Hernandez tries to overcome the exhaustion requirement by arguing that the BIA should have remanded his case for cancellation under *Aguilar-Hernandez*, but *Aguilar-Hernandez* holds that a respondent must make a timely objection to a deficient NTA, or he forfeits the argument. *See Aguilar-Hernandez*, 28 I&N at 776–77; *see also Perez-Sanchez*, 935 F.3d at 1150, 1152–57. The BIA "will generally consider an objection to a noncompliant notice to appear to be timely if it is raised prior to the closing of pleadings before the Immigration Judge." *Matter of Fernandes*, 28 I&N Dec. 605, 610–11 (B.I.A. 2022). As Lovio-Hernandez failed to make such an objection before the IJ, his argument fails. *See Jeune*, 810 F.3d at 800; *Santos-Zacaria*, 598 U.S. at 419–23; *Kemokai*, 83 F.4th at 891.

In sum, Lovio-Hernandez's argument that the BIA erred in not remanding his case for lack of jurisdiction based on his defective NTA lacks merit, because a defective NTA does not deprive the

agency of jurisdiction. Accordingly, to the extent that Lovio-Hernandez argues that his defective NTA renders him eligible for cancellation of relief, this court dismisses the petition. To the extent that Lovio-Hernandez argues that he is entitled to a remand because his NTA violated the agency's claim-processing rules, this court denies his petition.

**PETITION DENIED IN PART, DISMISSED IN PART.**