**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 24-2176**

—————————

LEONEL KELSI MOLINA MENDEZ,

Petitioner,

v.

PAMELA JO BONDI, Attorney General,

Respondent.

—————————

On Petition for Review of an Order of the Board of Immigration Appeals.

—————————

Submitted:  August 4, 2025                          Decided:  October 8, 2025

—————————

Before AGEE and BENJAMIN, Circuit Judges, and KEENAN, Senior Circuit Judge.

—————————

Petition denied by unpublished per curiam opinion.

—————————

Leonel Kelsi Molina Mendez, Petitioner Pro Se.  Lisa Morinelli, General Litigation & Appeals Section, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Leonel Kelsi Molina Mendez, a native and citizen of Honduras, petitions for review of an order of the Board of Immigration Appeals denying Molina Mendez's motion to reconsider the Board's prior order denying Molina Mendez's motion to reopen his removal proceedings based on deficiencies in the charging Notice to Appear.  Upon review of the administrative record, we discern no abuse of discretion in the Board's rationale for denying the subject motion to reconsider.[*]  *See* 8 C.F.R. § 1003.2(a), (b)(1); *Mejia-Velasquez v. Garland*, 26 F.4th 193, 205 (4th Cir. 2022) (providing standard of review and explaining that the Board abuses its discretion only if it "acted arbitrarily, irrationally, or contrary to law" (internal quotation marks omitted)).

Specifically, the Board first correctly ruled that the reconsideration motion was untimely as it was filed outside the relevant 30-day period for seeking such relief, *see* 8 C.F.R. § 1003.2(b)(2)—a holding that Molina Mendez does not challenge on appeal.  Next, the Board (a) considered (and rejected) the lone legal argument advanced by counsel for Molina Mendez and found that the relied-upon Board authority, *see In re Aguilar Hernandez*, 28 I. & N. Dec. 774 (B.I.A. 2024), was inapplicable to this case; and (b) alternatively opined that reconsideration was not warranted in light of several other Board authorities.  We have reviewed the relevant authorities, which include *In re Fernandes*, 28 I. & N. Dec. 605, 610-11 (B.I.A. 2022), *In re Nchifor*, 28 I. & N. Dec. 585,

---

[*] We previously denied the petition for review as to the Board's order denying Molina Mendez's motion to reopen. *See Molina Mendez v. Garland*, No. 23-2124, 2024 WL 1366771 (4th Cir. Apr. 1, 2024).

2

589 (B.I.A. 2022), and *In re O-S-G-*, 24 I. & N. Dec. 56, 58 (B.I.A. 2006), and discern no error or abuse of discretion in the Board's merits analysis. *See Williams v. Garland*, 59 F.4th 620, 633-34 (4th Cir. 2023) (explaining that, in the context of a denial of a motion for reconsideration, this court "must separate out the subsidiary factual or legal . . . determinations to understand why the Board denied the motion" and then "must apply the usual standards to review those subsidiary determinations: de novo for law, substantial evidence for fact, and . . . either de novo or substantial evidence for mixed questions" (citation modified)).

Accordingly, we deny the petition for review. *See In re Molina Mendez* (B.I.A. Nov. 7, 2024). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*